(108 So. 247)

**SHACKELFORD COAL CO. v. KNIGHT.**
(6 Div. 642.)

(Supreme Court of Alabama. April 15, 1926.)

1. Mines and minerals 55(6)—Conveyance of minerals with timber necessary for mining operations on land limits use of timber during mining and to extent necessary therefor.

Conveyance of minerals, together with all timber on land necessary for mining and marketing of same, limits use of timber during mining operation and to extent necessary therefor.

2. Mines and minerals 55(8) — Instruction extending defendant's right to cutting of timber to be used on other land held properly refused, where deed limited right to use of timber to particular land.

In action for trespass to land by wrongfully cutting timber thereon, where defendant's right to use of timber was confined to mining and marketing operations of land, instruction extending right to cutting of timber to be used on other land was properly refused as inconsistent with limitations of defendant's rights.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by B. B. Knight against the Shackelford Coal Company, a partnership. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The suit is by appellee against appellant for trespass to land by wrongfully cutting timber thereon, and for damages to the surface from negligent mining operations.

Appellee is the owner of the surface of the 40 acres of land, trespass and injury to which are here involved, and appellant the owner of the minerals. Both parties acquired title from a common source. In addition to the conveyance of the minerals, appellant's title contains the following:

"And also all timber and water upon the same necessary for the development, working, and mining of said coal, iron ore, and other minerals, and the preparation of the same for market, and the removal of the same."

Appellant was mining coal from this 40, and also from other land not embraced in this chain of title, and was cutting and using timber therefrom, and mixing it with other timber without reference to the land on which it was to be used. There was evidence tending to show there had been more timber used in this 40 than taken from it, and more necessary than had been removed from the surface.

Defendant requested the following charge, which was refused:

"If you are reasonably satisfied from the evidence that defendant reasonably needed the timber from the Knight land to mine the coal from the 140 acres included in their deed from L. W. Davis, they had the right to take such timber for such purpose. The fact that said timber was mixed at the mouth of the mine with timbers from other lands, and used in the mines including a part of the mines not in the 140-acre tract, does not change the right of the defendant to take said timber from the Knight land, provided more timbers were necessary for mining the coal from the Knight land than was taken from the Knight land."

Bankhead & Bankhead, of Jasper, for appellant.

Counsel argue for error in refusal of requested charge E, but without citing authorities.

Curtis, Pennington & Pou, of Jasper, for appellee.

Charge E is not a correct statement of law. The defendant had no right to cut and remove any timber from the Knight tract, until

it was ready to use it in mining the coal from the 140-acre tract. Kennedy Stave, etc., Co. v. Sloss Co., 34 So. 372, 137 Ala. 401; Hitt Lbr. Co. v. Cullman, etc., Co., 76 So. 347, 200 Ala. 415.

GARDNER, J. [1] The action of the court in refusing charge E, which appears in the foregoing statement of the case, is the only assignment of error here urged. The language in defendant's chain of title granting defendant the timber rights is practically identical with that considered and construed by this court in Kennedy Stave, etc., Co. v. Sloss-Sheffield S. & I. Co., 34 So. 372, 137 Ala. 401. We are of the opinion the insistence as to the correctness of this charge is inconsistent with the rights acquired by defendant under the language of the conveyance as construed in this authority. It was there held that the grant was a "profit à prendre appurtenant to the interest conveyed, and is in the nature of an easement appurtenant."

That the title to the timber remained in the owner of the surface, and defendant's right to the use thereof was limited, first, as to the time or occasion of its taking and use in mining and marketing the minerals in the land, and, second, as to the quantity to be taken, "covering and granting no more than shall be found necessary to the mining and marketing of the minerals." The court in the Sloss-Sheffield Case, supra, further said:

"That which passed by the grants as to the timber was not title, but a mere right to ·take and use timber on the land when the grantee comes to realize its ' estate by taking out the minerals. Until that time and occasion for the use by the grantee of the timber transpires, the grantors in these instruments may work their own will in respect of the timber."

This authority was cited with approval in the case of Hitt Lbr. Co. v. Cullman Coal & Coke Co., 76 So. 347, 200 Ala. 415.

[2] Under these decisions the right to the use of the timber was confined to the mining and marketing operations of those lands. A construction that would extend the right to the cutting of the timber to ·be used on other land would be manifestly inconsistent with the limitations of the right as defined in these authorities.

The argument to the contrary deals with the question of damages or injury, if any, suffered by the owner of the surface, but the matter here involved in the language of the charge concerns the right of defendant as to such use of the timber, and no question as to recovery of nominal damages only is here presented; the facts hypothesized in the ·charge not excluding a recovery of such nominal damages. The charge here considered extends defendant's rights to the timber beyond the limitations of the above-cited authorities, and its refusal was not error.

Let the judgment be affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.